FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALI KANE,

                              Plaintiff,

        v.

ROBERT JACKSON, BRIAN J.
DONE, and DEPARTMENT OF
CORRECTIONS,

                              Defendants.

No:  4:25-CV-05104-RLP

ORDER DENYING MOTIONS FOR
INJUNCTIVE RELIEF; DENYING
AS MOOT MOTION FOR DEFAULT
JUDGMENT; DENYING MOTION
FOR ENTRY OF DEFAULT; AND
GRANTING MOTION TO
WITHDRAW MOTION FOR
DEFAULT JUDGMENT

Before the Court are Plaintiff Ali Kane's Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, ECF No. 13, Motion to Expedite Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, ECF No. 14, Emergency Motion for Temporary Restraining Order – Oral Argument Requested, ECF No. 15, Motion for Default Judgment, ECF No. 16, Motion for Entry of Default, ECF No. 17, and Motion/Request to Withdraw Motion for Default Judgment, ECF No. 18. The motions were considered without

ORDER ON MOTIONS * 1

oral argument. For the reasons set forth below, the Court grants Mr. Kane's Motion/Request to Withdraw Motion for Default Judgment and denies the remaining motions.

BACKGROUND

Mr. Kane, currently housed at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis*. On December 9, 2025, the Court issued an Order Directing Service of Mr. Kane's Second Amended Complaint (SAC). ECF No. 11. Mr. Kane claims that on September 26, 2024, while housed at the Washington State Penitentiary (WSP), Defendant Brian Done, a Correctional Officer at WSP, confiscated his Holy Quran and threw it in the trash. ECF No. 12 at 6. Mr. Kane also names Robert Jackson, the Superintendent of WSP, and the Washington State Department of Corrections (DOC), as Defendants to this action.

Mr. Kane seeks monetary damages and injunctive relief, claiming his First Amendment right to freely exercise his religion has been violated. ECF No. 12 at 4, 22–23. He also claims Defendants have violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). *Id*.

ANALYSIS

1. *Injunctive Relief Motions*

In his Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, ECF No. 13, Mr. Kane asserts that in his SAC he asked the Court to issue a preliminary injunction

ORDER ON MOTIONS * 2

ordering the Washington State DOC to allow him access to an Arabic Quran, but the Court has not addressed this issue. Mr. Kane sought to have an Arabic Quran prior to Ramadan, stating this will be the second consecutive Ramadan without access to an Arabic Quran. *Id*. at 2. He contends the Washington State DOC is denying an essential part of his religion by continuing to deny him access to an Arabic Quran. *Id*. at 1. Mr. Kane asserts it is in the public interest to ensure a party's constitutional rights are protected. *Id*. He claims he has already suffered irreparable harm "for well over a year" by being denied access to an Arabic Quran. *Id*. at 2. He requests the Court order the Washington State DOC to replace his Arabic Quran "as soon as possible to prevent further harm." *Id*.

In his Motion to Expedite Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, ECF No. 14, Mr. Kane asks the Court to expedite the motion hearing due to time sensitive religious matters such as upcoming Ramadan. He asserts that having an Arabic Quran is vital to the practice of Al-Islam. *Id*. at 1.

In his Emergency Motion for Temporary Restraining Order, ECF No. 15, Mr. Kane requests the Court issue an emergency restraining order against Defendants, requiring them to return or replace his Arabic Quran. He alleges it has been over a year since his Quran was confiscated and his religion has been severely disrupted. *Id*. at 1. He contends it is essential and mandatory he have access to an Arabic Quran before Ramadan. *Id*.

ORDER ON MOTIONS * 3

In his SAC and the instant Motions, Mr. Kane requests the Court issue an order for a preliminary injunction, requiring the Washington State DOC to replace his Arabic Quran. ECF No. 10 at 23. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20.

Mr. Kane also requests the Court issue an emergency restraining order against Defendants, requiring them to return or replace his Arabic Quran. ECF No. 15. "[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

In his SAC, Plaintiff states he wrote multiple kites to staff at the WSP and Coyote Ridge Corrections Center, requesting a replacement Arabic-English language Quran. ECF No. 10 at 9–11, 13–16, 22–23. However, Plaintiff is now housed at Monroe Correctional Complex and, although he asserts he still does not have an Arabic-English Quran, his SAC and his Motions are silent as to whether he has tried to obtain a Quran from the chaplain or other staff at this institution. Therefore, the Court will deny Plaintiff's requests for preliminary and emergency

ORDER ON MOTIONS * 4

injunctive relief at this time. Mr. Kane's request for oral argument on his Emergency Motion for Temporary Restraining Order, ECF No. 15, is also denied.

 *2. Motions Related to Default*

In his Motion for Default Judgment, ECF No. 16, Mr. Kane seeks a default judgment in his favor. He argues Defendants had sixty days from December 9, 2026 to respond to his SAC but he has not received any response. *Id*. Mr. Kane also asks the Court to strike Defendants' response if it is filed after the deadline. *Id*.

In Mr. Kane's Motion/Request to Withdraw Motion for Default Judgment, ECF No. 18, he acknowledges he did not follow the proper steps before he filed a motion for default judgment. He asks the Court to withdraw his Motion for Default Judgment. *Id*. at 1. The Court grants Mr. Kane's Motion to Withdraw Motion for Default Judgment, ECF No. 18, and denies as moot his Motion for Default Judgment, ECF No. 16.

In his Motion for Entry of Default, ECF No. 17, Mr. Kane requests a clerk's order of default pursuant to Federal Rule of Civil Procedure 55. He claims Defendants were served with the SAC via the Washington State Attorney General's Office on December 9, 2025. *Id*. at 1. He argues Defendants had sixty days after service to respond to the SAC, but he has not received any response. *Id*.

Due to an oversight, the Washington State Attorney General's Office did not receive the service email in this case until March 9, 2026. Therefore, Mr. Kane's Motion for Entry of Default, ECF No. 17, is denied without prejudice.

ORDER ON MOTIONS * 5

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, **ECF No. 13**, is **DENIED**.

2.     Plaintiff's Motion to Expedite Motion to Enforce the Due Process Clause and End the Inordinate Delay of Plaintiff's Request for Preliminary Injunction, **ECF No. 14**, is **DENIED**.

3.     Plaintiff's Emergency Motion for Temporary Restraining Order – Oral Argument Requested, **ECF No. 15**, is **DENIED**.

4.     Plaintiff's Motion for Default Judgment, **ECF No. 16**, is **DENIED as moot**.

5.     Plaintiff's Motion for Entry of Default, **ECF No. 17**, is **DENIED**.

6.     Plaintiff's Motion/Request to Withdraw Motion for Default Judgment, **ECF No. 18**, is **GRANTED**.

//

//

//

//

//

ORDER ON MOTIONS * 6

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide a copy to Plaintiff.

**DATED** March 16, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS * 7