FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE,<br><br>                    Plaintiff,<br><br>    v.<br><br>ROBERT JACKSON, BRIAN J. DONE, and DEPARTMENT OF CORRECTIONS,<br><br>                    Defendants. | No. 4:25-CV-05104-RLP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION |

Before the Court are Plaintiff Ali Kane's Motion to Recuse for Judicial Bias, ECF No. 23, and Motion for Reconsideration for Preliminary Injunction, ECF No. 24. Mr. Kane is proceeding *pro se* and *in forma pauperis*. The motions were considered without oral argument. For the reasons set forth below, the Court denies the motions.

//

ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION * 1

BACKGROUND

Mr. Kane is currently housed at the Washington State Penitentiary (WSP), ECF No. 26. Mr. Kane claims that on September 26, 2024, Defendant Brian Done, a Correctional Officer at WSP, confiscated his Holy Quran and threw it in the trash. ECF No. 12 at 6. The Court previously dismissed another lawsuit filed by Mr. Kane making similar allegations against correctional officers at the at Airway Heights Corrections Center. *Kane v. Strange*, 2025 WL 836930 (E.D. Wash. Mar. 17, 2025).

On December 9, 2025, the Court issued an Order Directing Service of Mr. Kane's Second Amended Complaint. ECF No. 11. Due to an oversight, the service email to the Attorney General's Office was not sent until March 9, 2026. ECF No. 21 at 5.

On February 9, 2026, Mr. Kane filed motions for an injunction for the replacement or return of his Quran. ECF No. 13, 15. On February 26, he filed a Motion for Entry of Default. ECF No. 17. The Court denied these motions. ECF No. 21. Mr. Kane filed an appeal of the order denying his injunction, ECF No. 19, which the Ninth Circuit Court of Appeals dismissed. ECF No. 22.

Mr. Kane now moves for reconsideration of the denial of his injunction, ECF No. 24, as well as for the Court to recuse itself. ECF No. 23.

//

MOTION TO RECUSE

Mr. Kane first asks for the Court to recuse itself. He complains he perceives the Court as partial to Defendants and biased against him, as it denied his earlier motions and dismissed his prior suit. ECF No. 23.

"The standard for recusal under 28 U.S.C. §§ 144 [&] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotations and citations omitted). "It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455… must be based upon prejudice from an extra-judicial source." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988).

"[A] judge's prior adverse ruling[,]" which is not extra-judicial, "is not sufficient cause for recusal." *Studley*, 783 F.2d at 939. Further, 28 U.S.C. § 144 requires a party seeking recusal to file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…" 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists," and "[a] party may file only one such affidavit in any case." *Id*.

The undersigned judicial officer must initially determine whether Mr. Kane has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581

ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION * 3

F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citations omitted). "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Mr. Kane has not filed an affidavit in support of his Motion to Recuse. ECF No. 23. But more fundamentally, he has not presented any specific factual allegations tending to show personal bias stemming from an extrajudicial source. *See Studley*, 783 F.2d at 939. Again, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal). The Motion to Recuse is denied.

## MOTION FOR RECONSIDERATION

Mr. Kane moves for reconsideration of his prior requests for an injunction to return his Quran. The basis for his motion is to clarify that he unsuccessfully requested a replacement Quran from Monroe Corrections Center. ECF No. 24.

ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION * 4

Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration of a judgment may be reviewed under FRCP 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Mr. Kane's clarification does not satisfy any of the three bases for reconsideration listed above. Moreover, Mr. Kane has now been transferred back to WSP, ECF No. 26, Defendants have appeared, ECF No. 27, and the Ninth Circuit issued a mandate denying his appeal. ECF No. 31. Now that Defendants have appeared in the case and Mr. Kane has been transferred again, he is free to file another motion for injunctive relief. The Court would then have the benefit of

ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION * 5

reviewing Defendants' response to such a motion. The motion for reconsideration is denied.

**Accordingly, IT IS ORDERED:**

1.    Mr. Kane's Motion to Recuse for Judicial Bias, **ECF No. 23**, is **DENIED**.

2.    Mr. Kane's Motion for Reconsideration for Preliminary Injunction, **ECF No. 24**, is **DENIED**.

**IT IS SO ORDERED.** The Court Clerk is directed to enter this Order and provide copies to counsel.

DATED April 20, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR RECONSIDERATION * 6